## GEORGE SWINK *v*. THE STATE.

INFORMATION. — Variance between the date of the offence as alleged in the affidavit and as charged in the information is fatal to the latter and to the entire proceeding.

APPEAL from the District Court of Bowie. Tried below before the Hon. B. T. ESTES.

The information charged the appellant with a petit theft, and was originally instituted in the County Court, but was transferred thence to the District Court in compliance with an act of 1879 which divested the criminal jurisdiction of the County Court of Bowie, and of several other counties, and restored it to their District Courts.

*Hubbard & Whittaker*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. It has been repeatedly held that a variance between the affidavit and the information with regard to the allegation of the time or date of the commission of the offence would be fatal to the validity of the prosecution and conviction. *Hoerr* v. *The State*, 4 Texas Ct. App. 75 ; *Collins* v. *The State*, 5 Texas Ct. App. 37 ; *Williamson* v. *The State*, 5 Texas Ct. App. 485 ; *Hawthorne* v. *The State*, 6 Texas Ct. App. 562.

In this case the affidavit or complaint alleges that the offence was committed on the first day of January, A. D. 1879, while the information avers it to have been committed on the first day of June, A. D. 1879. On this ground, if for none other, the court erred in overruling defendant's motion in arrest of judgment. For this error the judgment is reversed, and, the variance being fatal to the legality and validity of the prosecution, the case is dismissed.

*Reversed and dismissed.*